**BANK OF TULSA, a banking corporation, Appellee,**

v.

**T.H. RUSSELL, H.E. Ferrell, M.D. Pollard, and K.R. Lowery, Appellants.**

**No. 65926.**

Court of Appeals of Oklahoma, Division No. 2.

July 21, 1987.

Rehearing Denied Sept. 21, 1987.

Certiorari Denied Nov. 3, 1987.

Frank Hickman, Hickman & Hickman, Tulsa, for appellee.

Brian J. Rayment, Blackstock, Joyce, Pollard & Montgomery, Tulsa, for appellants.

MEANS, Presiding Judge.

Defendants appeal from the trial court's order which granted summary judgment for Plaintiff in this action to determine a security interest in an employee profit sharing plan and trust. Having reviewed the record and applicable law, we reverse.

Bank of Tulsa instituted this action against Defendants as the Trustees of the T.H. Russell Profit Sharing Plan and Trust. Bank sought funds held by the Trustees for Lewis C. Schmitt, an employee of T.H. Russell Company. Bank claimed a security interest in Schmitt's profit sharing plan and trust account because it held a voluntary assignment of this interest, executed by Schmitt and his wife on February 22, 1982. The assignment was taken as security for loans made to the Schmitts by Bank and listed the security as: "Assignment of Profit Sharing Account from T.H. Russell Company." Bank asserted that the Trustees had acquiesced in the creation of the security interest by sending it a letter with information concerning the amount which Schmitt had in the profit sharing trust account.

The Trustees answered by asserting that they had not acquiesced in the creation of the assignment to Bank. As an affirmative defense, the Trustees contended that Bank was precluded from taking a security interest by virtue of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 through 1461 (1982 & Supp. III 1985), and particularly section 1056(d). The Trustees also asserted that Schmitt had filed for bankruptcy and that Bank was precluded from bringing the action because of bankruptcy proceedings.

Subsequently, the United States Bankruptcy Court entered an order denying the Schmitts' motion to avoid the lien of Bank. Bank then moved for summary judgment in the district court below concerning the assignment of the profit sharing interest, asserting that no factual controversy existed, and that it was entitled to judgment as a matter of law. The Trustees responded to the motion for summary judgment by once again asserting that the assignment was prohibited by federal law. The trial court granted summary judgment for Bank, and the Trustees have appealed.

On appeal, the Trustees assert that summary judgment was inappropriate as a matter of law, again arguing that the funds which they hold in the profit sharing trust for Schmitt are not subject to assignment under ERISA. Although neither party has submitted a copy of the terms of the T.H. Russell Profit Sharing and Trust Account, Bank has never contested that the account is subject to ERISA. Instead, Bank merely argues that the funds were assignable; however, this contention is not supported by the federal statutes.

ERISA was enacted, at least in part, "to provide a uniform and systematic framework for regulation of employee benefit plans." *General Motors Corp. v. Buha,* 623 F.2d 455, 459 (6th Cir.1980). This comprehensive statutory scheme was adopted when Congress specifically found "that the continued well-being and security of millions of employees and their dependents are directly affected by these plans." 29 U.S.C. § 1001(a) (1982). With the passage of ERISA, "Congress established a comprehensive federal scheme for the protection of pension plan participants and their beneficiaries." *American Telephone and*

*Telegraph Co. v. Merry*, 592 F.2d 118, 120 (2d Cir.1979). *See also*, 29 U.S.C. § 1001(b) (1982).

The resolution of this appeal is based on 29 U.S.C. § 1056(d)(1) (1982), entitled "Assignment or alienation of plan benefits," which states: "Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated." A provision almost identical to ERISA's nonalienation statute is found in the Internal Revenue Code at § 401(a)(13)(A) (West Supp. 1987), where assignment or alienation of benefits is also prohibited if a pension plan is to be considered a tax qualified plan.

Relying on the plain language of these statutory sections, the Trustees argue that federal law absolutely prohibits the assignment to Bank of Schmitt's interest in the profit sharing trust. Bank does not attempt to challenge the status of the funds at issue as qualified funds under ERISA.

The purposes of the nonalienation provisions of section 1056(d) have been construed to include the protection of a spendthrift employee from "his own financial improvidence in dealings with third parties." *Merry*, 592 F.2d at 124. Courts have also interpreted the provision to absolutely prohibit involuntary levies by third party creditors on vested plan benefits. *Northwest Airlines, Inc. v. Roemer*, 603 F.Supp. 7, 9–11 (D.Minn.1984). Although some courts have carved out an exception to the nonalienation statute for the employee's criminal conduct, other courts have refused to make an exception to the provisions of section 1056(d), even when criminal conduct is involved. *Compare St. Paul Fire and Marine Insurance Co. v. Cox*, 752 F.2d 550 (11th Cir.1985) (employee's criminal conduct permits garnishment of funds) *with Ellis National Bank v. Irving Trust Co.*, 786 F.2d 466 (2d Cir.1986) (employee's criminal conduct may not form basis of constructive trust on funds).

The *Cox* court noted that the standards established by ERISA "are intended to protect the employee against mismanagement or the provision of misinformation by the employer." 752 F.2d at 552. Although *Cox* implied an exception for criminal con-duct, it held that section 1056(d), "precluded the assignment of plan funds to the individual claimant" who held Cox's executed assignment of his interest in the plan as a guarantee for equipment and realty leases. *Id.* at 551. Thus *Cox* dismissed without comment, the claims of a creditor in the exact position as Bank in the instant case, holding that ERISA precluded the assignment. ERISA's provisions absolutely prohibit assignment to third parties "to vindicate ERISA's fundamental purpose of achieving a private retirement benefits system that protects workers *and their families.*" *Irving Trust*, 786 F.2d at 470.

Unlike the federal cases which have carved out public policy exceptions to the prohibition on alienation, Bank presents no such strong policy argument in its appeal. Instead, Bank argues that its interest in the fund is established because the Trustees sent a letter stating the amount held for Schmitt. Bank essentially states that the Trustees are estopped from arguing that federal law precludes assignment when the Trustees were told of the assignment and made no objection.

■ The law of equitable estoppel is clear in Oklahoma. The party seeking to invoke the doctrine must establish that a false representation or concealment of facts was made with actual knowledge or constructive knowledge to a person without knowledge of or means to know those particular facts. The party invoking equitable estoppel must further show that these statements were relied on to his detriment. *Burdick v. Independent School District*, 702 P.2d 48, 55 (Okla.1985).

■ In the instant case, Bank has made no assertion in its pleadings or evidentiary materials that any of the Trustees' statements were false. Instead, Bank would appear to argue that equitable estoppel should be invoked to protect it from the consequences of taking an assignment which is absolutely prohibited by ERISA. Even if this court assumes that both parties were incorrect in their judgment concerning ERISA, such a presumption does not overcome the absolute prohibition against alienation nor does it provide a

public policy exception to ERISA's clear language.

As noted in *Nachman Corp. v. Pension Benefit Guaranty Corp.*, 446 U.S. 359, 375, 100 S.Ct. 1723, 1733, 64 L.Ed.2d 354 (1980), Congress' primary objective in passing ERISA was to ensure "that if a worker has been promised a defined pension benefit upon retirement—and if he has fulfilled whatever conditions are required to obtain a vested benefit—he actually will receive it." *See also Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 510, 101 S.Ct. 1895, 1899, 68 L.Ed.2d 402 (1981). The instant case presents this court with the primary purpose of the statute: to ensure that Schmitt's benefits under a qualified plan are available to Schmitt and his family. Bank has presented no public policy or equitable argument to overcome the purpose of the statute.

■ Bank attempts to argue that its interest in the fund was vested by the order of the bankruptcy court. Contrary to Bank's assertion, the bankruptcy court's order denied the Schmitts' motion inasmuch as a lien avoidance motion was not the proper method to challenge the security interest of Bank in bankruptcy proceedings. The order vests no interest in Bank. In bankruptcy proceedings, "[t]he question of pension rights is dealt with as a matter of exemption. A debtor's interest in pension funds first comes into the bankruptcy estate. To the extent they are needed for a fresh start they may then be exempted out." *In re Graham*, 726 F.2d 1268, 1272–73 (8th Cir.1984).

The clear language of the ERISA provisions, as well as the intent of Congress for federal law to preempt state law as applied to employee benefits, requires a conclusion different from that reached by the trial court here. Summary judgment was inappropriate as a matter of law and is reversed.

REIF, J., concurs.

BACON, J., concurs in result.